COMPRISING CHARGES TO FEDERAL GRAND JURIES, PRONOUNCEMENTS CONCERNING COSTS, FEES, ETC., AND OTHER MISCELLANEOUS OPINIONS FROM THE APPENDICES OF THE UNITED STATES CIRCUIT AND DISTRICT COURT REPORTS, DELIVERED PRIOR TO 1880; CERTAIN TERRITORIAL DECISIONS FROM HEMPSTEAD, AND OTHERS FROM HAYWARD AND HAZELTON'S REPORTS, NOT HERETOFORE INCLUDED IN THE FEDERAL CASES; AND SEVERAL UNREPORTED CASES, RECEIVED TOO LATE FOR ALPHABETICAL CLASSIFICATION.

# A.

## Case No. 18,223.

### ALLEN v. ALLEN.

[Hempst. 58.] [1]

Superior Court, Territory of Arkansas. April, 1828.

PLEADINGS—ANSWER AND CROSS-BILL—DIVORCE—ALIMONY.

1. A defendant cannot file a cross-bill until the original bill is answered.

2. Alimony will not be granted to a wife before she answers.

Appeal from Independence circuit court.

[Suit by Samuel Allen against Elizabeth Allen for divorce. From a decree of the circuit court, plaintiff appeals.]

Before JOHNSON, ESKRIDGE, and TRIMBLE, JJ.

OPINION OF THE COURT. This is an appeal from a decree of the circuit court of Independence county, pronounced in the suit in chancery for a divorce, in which the appellant was plaintiff, and the appellee, defendant. Various reasons have been assigned by the appellant for reversing the decree of the court below. Conceiving, however, that the first point relied upon, is decisive in favor of the appellant, we shall confine our remarks to that point alone. The point is, that the circuit court erred in overruling the demurrer.

The plaintiff below filed his bill, praying for a divorce from bed and board, and the bonds of matrimony. The defendant instead of answering this bill, filed her cross-bill praying a divorce from bed and board, and for alimony. This was clearly irregular. The bill should have been answered, and the allegations therein contained contested before the cross-bill could be properly filed. 1 Har. Ch. 35; 3 Bl. Comm. 444–448. In the case of Lewis v. Lewis, 3 Johns. Ch. 519, the chancellor refused to grant alimony to the

wife before she answered, because it did not appear whether she intended to defend herself against the charges in the bill. We feel no difficulty in reversing the decree of the court below. Decree reversed.